

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2004

# Gehly v. Gorell Entr Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1802

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Gehly v. Gorell Entr Inc" (2004). *2004 Decisions.* Paper 80.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/80

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1802

———

RITA L. GEHLY
Appellant

v.

GORELL ENTERPRISES, INC.
Appellee

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cv-01642)
District Judge: Honorable David S. Cercone

———

Submitted Under Third Circuit LAR 34.1(a)
Date: November 30, 2004

Before: RENDELL , ALDISERT and MAGILL[*], Circuit Judges.

(Filed December 14, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

_____

[*]The Honorable Frank J. Magill, Senior Judge, U.S.
Court of Appeals for the Eighth Circuit, sitting by designation.

Appellant Rita L. Gehly appeals from adverse summary judgment in favor of her former employer, Gorell Enterprises, Inc. Ms. Gehly filed a complaint charging age discrimination under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C §§ 621-634 (2000), and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C 2000e-16, and the Pennsylvania Human Relations Act ("PHRA"), as amended, 43 P.S. §§ 951-963 (1991). In the course of the summary judgment proceedings, Ms. Gehly relied only on the ADEA claim. The district court held that Gorell presented a non-discriminatory motive for discharging Ms. Gehly and that she failed to prove that the reason was pretextual. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We will affirm.

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

When deciding a summary judgment motion under the ADEA, courts apply the burden-shifting framework articulated by the Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The McDonnell Douglas test has three parts. First, the employee has the burden of establishing a prima facie case of unlawful discrimination. If the employee succeeds, the burden of going forward with the evidence shifts to the employer to "articulate some legitimate, nondiscriminatory reasons for the employee's

rejection." Id. at 802. Once the employer articulates a reason, the burden of going

forward with the evidence rebounds to the employee who must then show by a

preponderance of the evidence that the employer's explanation is pretextual. Id.

To establish a prima facie case of unlawful discrimination, the employee must

show that she: (1) is a member of a protected class, i.e. at least 40 years of age; (2) is

qualified for the position; (3) suffered an adverse employment decision; and (4) was

replaced by a sufficiently younger person to create an inference of age discrimination.

Simpson v. Kay Jewelers, 140 F.3d 639, 644 n.5 (3d Cir. 1998). In Jones v. School

District of Philadelphia, 198 F.3d 403 (3d Cir. 1999), we emphasized that "the elements

of a prima facie case depend on the facts of the particular case." Id. at 411.

Here, the district court correctly held that Gorell presented a legitimate, non-

discriminatory reason for the adverse employment action and Ms. Gehly did not prove by

a preponderance of the evidence that the legitimate reason was pretextual. Ms. Gehly was

discharged because she was unable to handle the responsibilities of her position. Brian

Zimmerman, the son in law of the owners, stated that Ms. Gehly was unable to

sufficiently organize, design or implement the customer service functions of her

department. He had discussions with her regarding her unsatisfactory performance,

including the many ways in which she needed to improve in order to become a more

competent employee. Ms. Gehly failed to produce evidence that this reason was

pretextual.

III.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. We hold that summary judgment is proper because Gorell presented legitimate, non-discriminatory reasons for Ms. Ghely's discharge and she failed to produce evidence to prove that the reason was pretextual. Accordingly, the judgment of the district court will be affirmed.